UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANN M. BRAZIE,

    Plaintiff,

v.                                              Case No:  3:14-cv-937-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Ann M. Brazie, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C.  Procedural History

On December 21, 2010, Plaintiff filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income alleging disability beginning November 15, 2008. (Tr. 139-55). Plaintiff's application was denied initially on March 9, 2011, and on reconsideration on July 11, 2011. (Tr. 76-81, 91-94). A hearing was held before Administrative Law Judge Teresa J. McGarry (the "ALJ") on August 21, 2012. (Tr. 28-59). The ALJ issued an unfavorable decision on November 30, 2012. (Tr. 12-20). On June 4, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Plaintiff initiated this action by filing a Complaint (Doc. 1) in the United States District Court on August 8, 2014.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 15, 2008, the alleged onset date. (Tr. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, degenerative disc disease of the lumbar spine with a disc bulge at L5-S1, and degenerative disc disease of the right shoulder. (Tr. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in "20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (Tr. 15).

Before proceeding to step 4, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with limitations. Specifically, the claimant can lift and carry 10 pounds frequently and 20 pounds on occasion. She can sit and stand 8 hours in a workday but will need to alternate body posture every 30 minutes. She can walk for 4 hours total in an 8-hour workday. She should not push or pull with her feet, but she can pull with her arms. She should never climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs. She can occasionally balance but should not stoop, squat, crouch, crawl, or kneel. She should not lift anything overhead, but there are otherwise no restrictions on her hands, arms, or shoulders in a forward or extended outward way. There are no vision, hearing, or communication restrictions. However, the claimant must avoid all heights, dangerous machines, and vibrations.

(Tr. 15). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a cashier II as it is actually performed. (Tr. 18). The ALJ, however, noted that the vocational expert at the administrative hearing testified that the ability to alternate body posture would depend on the type of cashiering job, and might depend on the cooperation of an employer. (Tr. 18). For this reason, the ALJ proceeded to step five, and made the alternative finding that there are jobs that exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (Tr. 19). Relying on the testimony of the vocational expert, the ALJ found that that Plaintiff is capable of performing the occupations of marker II, assembler (electrical accessories I), and blade balancer. (Tr. 19). The ALJ concluded that Plaintiff has not been under a disability, as defined by the Social Security Act, from November 15, 2008, through the date of the ALJ's decision. (Tr. 20).

**II. Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred in determining that Plaintiff has the residual functional capacity to perform light work after failing to adequately weigh and

consider all of the medical evidence; and (2) whether the ALJ erred in failing to adequately weigh Plaintiff's credibility when the record clearly reveals that the Plaintiff suffered from documented impairments causing significant limitations. (Doc. 23 p. 3). The Court addresses each in turn.

> **a) Whether the ALJ erred in determining that the claimant has the residual functional capacity to perform light work after failing to adequately weigh and consider all of the medical evidence.**

Plaintiff argues that the ALJ erred by failing to weigh and consider all of the objective evidence supporting Plaintiff's limitations. (Doc. 23 p. 13). Specifically, Plaintiff contends that the ALJ makes no mention of objective evidence of record such as Plaintiff's MRI on April 25, 2011, the nerve conduction test performed by Dr. Louis Russo on April 20, 2011, and subsequently reviewed by Dr. Fatima Santana-Milfred, and the sensory examination performed by Dr. Tai Nguyen on June 17, 2011. (Doc. 23 p. 14). In addition, Plaintiff contends that the ALJ erred by according "great weight" to the opinions of Dr. Hung V. Tran and Dr. Kathleen Kopach, who both gave their opinions prior to Plaintiff undergoing significant objective testing. (Doc. 23 p. 16-17).

In response, Defendant argues that the ALJ indicated that she considered Plaintiff's impairments in combination and the diagnostic evidence in evaluating Plaintiff's subjective complaints of pain and numbness. (Doc. 26 p. 5-6). Defendant argues that the law provides that the ALJ is not required to discuss on an individual basis every piece of evidence in the record or every allegation made by a claimant. (Doc. 26 p. 6). Defendant contends that while the ALJ did not individually discuss all of the evidence, her opinion makes it clear that she considered all of the evidence. (Doc. 26 p. 6).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of

a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physician and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds that the ALJ erred by failing to sufficiently address objective medical evidence of record. For example, while the ALJ specifically noted that Plaintiff's MRI scan of her right shoulder in May 2009 showed a wide AC separation (Tr. 16), the ALJ's opinion does not mention the MRI of Plaintiff's lumbar spine taken on May 25, 2011. (Tr. 437). This MRI revealed at the L5-S1 "mild concentric disk bulge, which is slightly more prominent at the central region," "mild facet arthropathy, moderate narrowing of the bilateral neural foramen, and mild narrowing of the spinal canal." (Tr. 437). The impression from the MRI was "multilevel

degenerative changes of the lumbar spine as described above, most significant for a large right paracentral disk extrusion at L4/L5, as described." (Tr. 437). Likewise, the ALJ failed to specifically address the objective evidence of record relating to the electrodiagnostic study performed by Dr. Louis Russo on April 20, 2011, and reviewed by Dr. Santana-Milfred who noted that the electrodiagnostic study shows that Plaintiff's SI was more than L5 root affected. (Tr. 428, 431-32). The failure to address the above medical evidence of record is compounded by the fact that the ALJ accorded "great weight" to the opinions of Dr. Tran and Dr. Kopach, who both offered their opinions prior to Plaintiff's MRI and electrodiagnostic study.

As for the notes from Dr. Nguyen on June 17, 2011, the Court finds no error in the ALJ's treatment of these records. The ALJ specifically addressed the notes from Plaintiff's visit to Dr. Nguyen and noted that he recommended Plaintiff for surgical intervention to address her chronic lower back pain. (Tr. 17). The ALJ noted that Dr. Nguyen's records show that Plaintiff weighed 282 pounds at the time of her visit, which yielded a body mass index of 46.9, representing extreme obesity under the National Institute of Health Clinical Guidelines. (Tr. 17). Finally, the ALJ noted that Plaintiff acknowledged during her visit to Dr. Nguyen that she may not need to undergo surgery if she would lose weight, but that she refused to undergo bariatric surgery to assist with the goal. (Tr. 17). While Plaintiff is correct that the ALJ did not specifically address Dr. Nguyen's sensory examination findings that Plaintiff had decrease to touch over the dorsum of her left foot and the back of her left lower leg, the ALJ's discussion of Dr. Nguyen's treatment notes demonstrates that the ALJ acknowledged and considered this evidence in determining Plaintiff's RFC.

The Court is unpersuaded by Defendant's reliance on *Dyer v. Barnhart*, 395 F.3d 1206 (11th Cir. 2005), for the proposition that the ALJ was not required to discuss the objective medical

evidence of record pertaining to Plaintiff's MRI and electrodiagnostic study. In *Dyer*, the Eleventh Circuit found that an ALJ's failure to mention that the plaintiff had taken Lortab for pain on a single occasion was inconsequential to the ALJ's decision, as it was only prescribed one time for an injury unrelated to the claimant's complaints of neck pain for which he was claiming disability. *Id.* at 1211. Here, unlike in *Dyer*, the evidence the ALJ failed to mention directly pertains to Plaintiff's alleged disability due to recurrent pain in her lower back, right shoulder, and hips as well as numbness down the left side of her body into both of her feet. (Tr. 16). Accordingly, the Court finds that the Eleventh Circuit's ruling in *Dyer* does not excuse the ALJ's failure to specifically address the objective medical evidence in this case.

The Court notes that while the ALJ did not directly address the objective medical evidence listed above, there is evidence suggesting that the ALJ in fact reviewed this material. For example, the ALJ cited to "Exhibit 12F," i.e., where the unaddressed objective medical evidence is located in the record, in the context of discussing Dr. Nguyen's note that Plaintiff refused to undergo bariatric surgery to help with her weight loss. (Tr. 17). Dr. Nguyen's notes show that he reviewed Plaintiff's MRI from May 25, 2011, but the ALJ failed to mention this in her discussion of Dr. Nguyen's notes. (Tr. 17, 426). In addition, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease of the lumbar spine with a disc bulge at L5-S1. (Tr. 14, 17). Despite this evidence, without specifically addressing the objective medical evidence, the Court's review on appeal is frustrated and the Court cannot determine whether the ALJ's reasoning is supported by substantial evidence. Accordingly, the Court will remand this case and require the Commissioner to specifically address the objective evidence relating to Plaintiff's MRI from May 25, 2011, and electrodiagnostic study from April 26, 2011, and to state the weight she accorded this medical evidence.

    b) **Whether the ALJ erred in failing to adequately weigh Plaintiff's credibility when the record clearly reveals that the Plaintiff suffered from documented impairments causing significant limitations.**

As the ALJ's analysis of the objective medical records on remand may alter the ALJ's consideration of Plaintiff's credibility, the Court defers addressing the issue of whether the ALJ erred in evaluating Plaintiff's credibility.

### III.   Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the Commissioner is directed to specifically address the objective medical evidence of record relating to Plaintiff's MRI from May 25, 2011, and the electrodiagnostic study from April 26, 2011, to state the weight she accorded this evidence, and to conduct further proceedings as necessary. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2015.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties